

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-11-2007

# Hunter v. Keller

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2022

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hunter v. Keller" (2007). *2007 Decisions.* Paper 451.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/451

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-350                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2022
_____

KENNETH W. HUNTER,

Appellant

v.

CHIEF CHARLES KELLER;
OFF. RYAN J. NEAL #5;
OFF. TYRON MEIK #142;
HARRISBURG POLICE DEPT., DAUPHIN COUNTY
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-CV-01990)
District Judge: Honorable Christopher C. Conner
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Possible Summary
Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 23, 2007

Before: SLOVITER, CHAGARES AND COWEN, <u>CIRCUIT JUDGES</u>.

(Filed: September 11, 2007)

_____

OPINION
_____

PER CURIAM

Kenneth W. Hunter appeals from an order of the United States District Court for the Middle District of Pennsylvania, dismissing his civil rights case for failure to provide complete discovery responses. We will summarily affirm the District Court's order, as the appeal presents no substantial issue. I.O.P. 10.6.

Shortly after Hunter's civil rights complaint was removed from state court to federal court, the District Judge entered a discovery order, setting deadlines for discovery and dispositive motions. The defendants eventually filed a motion to depose Hunter, and the District Court granted that motion on February 7, 2006. Hunter refused to comply. The Court entered an order on April 12, 2006, again directing Hunter to submit to a deposition, and informing him that failure to do so would result in dismissal of the case. While he eventually submitted to a deposition and answered interrogatories, he "refused to discuss his conduct at the time of the events described in the complaint or to identify the four individuals who witnessed the events." Hunter further did not answer Defendants' interrogatories for more than seven months. Defendants moved to dismiss the complaint for failure to provide complete discovery responses. The District Court granted the motion, and Hunter timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and review the District Court's decision for abuse of discretion. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Prior to determining that dismissal is an appropriate sanction, a district court must balance the following six factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to

2

discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The scope of our review of a district court's punitive dismissal of a case is very narrow, see Mindek, 964 F.2d at 1373-74, and our role is limited to determining whether "the court properly balanced the Poulis factors and whether the record supports its findings," Livera v. First Nat. State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989).

We hold that the District Court properly balanced the Poulis factors. First, the responsibility for Hunter's failure to respond falls on him, as he proceeded pro se. See Emerson v. Thiel College, 296 F. 3d 184, 190 (3d Cir. 2002). Second, Defendants were prejudiced, because, given Hunter's failure to produce the information they requested, they were unable to prepare a defense to his claims. Third, Hunter's prior refusal to submit to a deposition and his delay in answering interrogatories supports a finding that he had a history of dilatoriness. Fourth, the record supports the District Court's finding that although Hunter's failure to properly respond was not in bad faith, it was willful. Fifth, the District Court properly found that it could not consider monetary sanctions as an alternative to dismissal, because Hunter was proceeding in forma pauperis. Although the District Court did not consider the sixth Poulis factor (meritoriousness of the claim), even assuming, without deciding, that there was some merit to Hunter's claims, not all Poulis factors must weigh in favor of dismissal in order for dismissal to be warranted. See Curtis

3

<u>T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.</u>, 843 F. 2d 683, 696 (3d Cir. 1988).

For the foregoing reasons, we conclude that the District Court did not abuse its discretion in dismissing Hunter's complaint. Accordingly, we will affirm the judgment of the District Court. The motion for appointment of counsel is denied as moot.